UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-cr-20083-CM |
| ) | |
| ERIC J. JOURNEY, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

On April 27, 2009, defendant pleaded guilty to wire fraud.[1] The presiding U.S. District Judge, Carlos Murguia, sentenced him to 41 months' imprisonment and ordered him to pay restitution of $1,613,396.[2] Defendant completed his term of incarceration on May 22, 2012, and his term of supervised release on May 21, 2015. On November 25, 2019, upon application of the government, the Clerk of Court issued a writ of continuing garnishment to defendant's current employer, Romanelli Optix LLC, based on the balance remaining on the restitution award.[3] Defendant filed a timely motion to discharge and quash the writ of continuing garnishment (**ECF No. 35**). The undersigned U.S. Magistrate

---

[1] ECF No. 29.

[2] *Id.*

[3] ECF No. 32.

Judge, James P. O'Hara, held a hearing on the motion on January 21, 2020. The undersigned took the motion under advisement at the hearing, but now denies the motion.

As the party challenging the writ of garnishment, defendant bears the burden of proving the garnishment should not be enforced.[4] Defendant's motion asserts the government unreasonably delayed in attempting to collect the restitution, noting that more than ten years passed between the judgment and the government's application for writ of garnishment.

Defendant's argument has no legal support. Under 18 U.S.C. § 3613(b), liability to pay a fine of restitution does not terminate until "the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution." Defendant conceded at the hearing that § 3613(b) applies, and it is undisputed that 20 years have not passed since he was released from prison. To the extent defendant raises the defense of latches based on the timing of the government's collection efforts, the Supreme Court has ruled, "It is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights."[5]

During the hearing, defendant argued that Kansas state collection laws impose much shorter time periods for the collection of civil judgments. Although this may be true, Fed. R. Civ. P. 69(a)(1) dictates that when a federal statute applies to a writ of execution of a

---

[4] 28 U.S.C. § 3205(c)(5).

[5] *United States v. Summerlin*, 310 U.S. 414, 416 (1940).

2

money judgment, such statute takes precedence over the procedure of the state where the court is located. As noted, defendant concedes 18 U.S.C. § 3613 applies here.

IT IS THEREFORE ORDERED that defendant's motion to quash the writ of garnishment is denied. By **January 31, 2020,** the government is ordered to confer with the pro se defendant and then e-mail a proposed order of continuing garnishment to the undersigned's chambers. This order is without prejudice to defendant's ability to file a motion asking Judge Murguia to modify the underlying judgment.

The Clerk is directed to mail a copy of this order to the pro se defendant via regular mail.

Dated January 21, 2020, at Kansas City, Kansas.

  s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge